```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

June White

    v.                                              Civil No. 15-cv-523-JL

Olga L. Gordon


### REPORT AND RECOMMENDATION

The pro se appellant, June White, appeals a ruling from the U.S. Bankruptcy Court for the District of New Hampshire. Currently before the court is White's motion to stay pending appeal. Doc. no. 3. The appellee, Olga F. Gordon, the Chapter 7 Trustee of the Estate of Thomas L. Morgenstern, objects. Doc. no. 14. For the reasons that follow, White's motion should be denied.


### Background[1]

In 1992, Thomas Morgenstern (the "Debtor") acquired title to real property located at 8 Maple Avenue in Rye, New Hampshire (the "Property"). In 2009, the Debtor transferred the Property to a revocable trust (the "Trust"). Later that year, the Trust mortgaged the Property to White to secure the repayment of a $40,000.00 loan.

---

[1] Unless otherwise noted, the facts are taken from the bankruptcy court's December 24, 2015, opinion in Adv. No. 14-01090-BAH.

At some point, the Trust defaulted on the loan and White sued in New Hampshire Superior Court. In early 2013, the Superior Court authorized White to conduct a foreclosure sale of the Property. Several months later, the Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. Shortly thereafter, the Debtor converted his bankruptcy to a case under Chapter 7.

While White was attempting to dismiss the Debtor's bankruptcy, she also attempted to foreclose her mortgage on the Property. In this attempt, White recorded a series of affidavits intending to show that she was in possession of the Property. In March 2014, a trustee of the Trust executed a deed conveying the Property to White in exchange for $50,000.00. White recorded the deed and initiated steps to auction the Property. Soon after, the same trustee moved to enjoin White's auction of the Property and sued White on behalf of the trust, alleging that she fraudulently obtained the deed to the Property. After a hearing in May 2014, the Superior Court enjoined the sale indefinitely.

In October 2014, the Chapter 7 Trustee (the "Trustee") filed an adversary proceeding against White in the U.S. Bankruptcy Court for the District of New Hampshire. The complaint contained four counts: (1) a declaratory judgment that

the deed transferring the Property from the Trust to White was void; (2) compensatory damages; (3) punitive damages; and (4) damages pursuant to 11 U.S.C. § 105(a).  A trial was conducted in August 2015.

On December 24 2015, the bankruptcy court entered judgment in favor of the Trustee on Counts 1 and 4 and in favor of White on Counts 2 and 3.  In its opinion, the bankruptcy court found that the Property was property of the bankruptcy estate.  Thus, because an automatic stay operates as a statutory injunction upon the filing a bankruptcy petition, the bankruptcy court reasoned that White's subsequent efforts to record affidavits and foreclose on the Property were acts that violated the automatic stay.

In its judgment, the bankruptcy court awarded damages to the Trustee in the amount of $29,627.29, representing the allowable portion of the amount of Trustee's attorneys' fees and costs requested in prosecuting the matter.  The bankruptcy court stated that its judgment shall be set-off against any distribution White received from the bankruptcy estate.  Adv. No. 14-01090-BAH, doc. no. 86.

On December 29, 2015, White filed a motion to stay pending appeal.  The two-page motion summarily contended that: (1) White would prevail upon "review by an appeals court"; (2) White would

suffer irreparable injury absent a stay; (3) a stay would not cause substantial harm to other interested parties; and (4) a stay would not harm public interest.  Adv. No. 14-01090-BAH, doc. no. 89.

On January 6, 2016, the bankruptcy court denied White's motion.  Doc. no. 3-2.  The bankruptcy court found that although White "recite[d] several legal conclusions that would tend to support the Court granting a stay[,]" she "did not refer to any specific factual or legal findings she believes the Court made in error."  Id. at 1.  Additionally, the bankruptcy court found that "irreparable harm would [not] befall [White] in the absence of a stay."  Id. at 2.  As the bankruptcy court explained:

> Even should the chapter 7 trustee seek and obtain authority to sell the real property in question prior to final disposition of the appeal, [White's] pre-petition mortgage would secure her claim to the proceeds.  The trustee would hold any such proceeds until the Court authorized a distribution to creditors.  Absent the Court authorizing an interim distribution to creditors on such terms as adequately protect the Defendant's interest in the subject property, a final distribution of proceeds is not likely to occur until after the resolution of the [White's] appeal.

Id. at 2-3.

On December 30, 2015, White filed a bankruptcy appeal in this court.  On January 6, 2016, White submitted a renewed motion to stay.  Doc. no. 3.

**Discussion**

In her motion, White requests that this court "stay[] any actions of the bankruptcy trustee until the appeal is heard." Id. at 3.  White argues that her appeal will show that she "did not violate the debtors [sic] stay and that the warranty deed on land at 8 Maple Avenue, Rye, New Hampshire legally belongs to [her]."  Doc. 3-1 ¶ 7.

White also contends that she will suffer irreparable harm absent a stay.  Id. ¶ 9.  To support her claim, White alleges that the Trustee "has already filed paperwork with the bankruptcy court to hire a company to auction off the property and pay off the secured creditors, after she and the auctioneer have received their fees and expenses."  Doc. no. 3 at 2.  She claims that the Trustee "has unilaterally made the decision to decrease the money owed to [her][,]" and if the Trustee is permitted to "auction the [P]roperty, [she] will receive none of the money that was owed to her on her mortgage . . . ."  Id.

Lastly, White summarily argues that a "stay would not cause any harm to the non-moving party" and "will protect the rights of all parties in interest."  Id. at 3.

"A motion for stay pending appeal is governed by [Federal Rules of Bankruptcy Procedure] 8007.  The allowance of a motion

5

for stay pending appeal is discretionary."[2] In re Otero Rivera, 532 B.R. 425, 426 (Bankr. D.P.R. 2015) (internal quotation marks omitted). "Granting a motion to stay - like granting injunctive relief - is an 'extraordinary remedy' and it is the movant's obligation to justify the court's use of such a measure." Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin., 524 F. Supp. 2d 5, 8 (D.D.C. 2007) (quoting Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 978 (D.C. Cir. 1985)).

The factors to be considered in determining whether to grant a motion to stay are: "(1) that the petitioner is likely to prevail on the merits of the appeal; (2) that without a stay, the petitioner will suffer irreparable injury; (3) that other interested parties will suffer no substantial harm; and (4) that the public interest will not be harmed by the granting of the stay." In re Cantera Dorado, Inc., 512 B.R. 126, 130 (D.P.R. 2014). "If a party fails to satisfy any one of the four

---

[2] Under the recently amended rule, a party must generally first file a motion to stay in the bankruptcy court before making the same motion in district court. Fed. R. Bankr. P. 8007(a). Here, White filed her original motion to stay pending appeal in bankruptcy court on December 30, 2015. Adv. No. 14-1090-BAH, doc. no. 89. A week later, the bankruptcy court denied her motion. Adv. No. 14-1090-BAH, doc. no. 96. Therefore, pursuant to Rule 8007, White's motion was appropriately filed in this court.

requirements . . . the Court has discretionary authority to deny the stay." Id.

"In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the 'most critical.'" In re Fraterfood Serv., Inc., No. 14-00002 BKT, 2015 WL 5317601, at *1 (Bankr. D.P.R. Sept. 11, 2015) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). "With respect to the first factor, [White] must show that [she] has a substantial case on appeal, not just a mere likelihood of success." In re Cantera Dorado, Inc., 512 B.R. 126, 130 (D.P.R. 2014) (citing In re Safon Ochart, 74 B.R. 136, 137 (Bankr. D.P.R. 1987)). As to the second factor, "[w]hat matters . . . is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hosp. Supply, Inc. v. Boston Sci. Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005) (quoting Siemens Bldg. Techs., Inc. v. Div. of Asset Capital Mgmt., 791 N.E.2d 340, 343 (Mass. 2003)).

In her motion, White fails to show that she is likely to prevail on the merits of the appeal. White's motion and supportive attachments simply contend that her appeal raises "questions of law to which there is substantial grounds for difference of opinions . . . ." Doc. no. 3-1 ¶ 10. Other than

identifying which issues she believes are relevant on appeal, White offers no substantive discussion of these issues. A mere recitation or brief summary of the issues raised on appeal does not satisfy the "strong showing" necessary to satisfy the first factor. See Matter of Safon Ochart, 74 B.R. 136, 137 (Bankr. D.P.R. 1987).

Further, White has failed to demonstrate that she will suffer irreparable injury absent a stay. White contends that if the Trustee "is allowed to auction the [P]roperty, [she] will receive none of the money that was owed to her on her mortgage" and "will be left with no possible way to get her property or her money back." Id. at 2-3.

Yet, "mere economic losses do not represent irreparable injuries." In re Efron, No. 11-02466, 2013 WL 5230640, at *2 (Bankr. D.P.R. Sept. 16, 2013). However, "[i]n cases involving real property, we have often found the irreparability of the injury to be of paramount concern." Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6 (1st Cir. 1991). Nevertheless, "irreparable harm is not assumed; it must be demonstrated. And even where real property is involved, speculative injury does not constitute a showing of irreparable harm." Id. at 6-7 (internal quotation marks and brackets omitted).

8

Although real property is involved, White has not established irreparable harm because any sale of the Property can be fully remedied with money damages if she is successful on appeal. White has not demonstrated why money damages would be unavailable subsequent to a successful appeal. Further, as stated by the bankruptcy court, if the Property was sold at auction, "[t]he [T]rustee would hold any such proceeds until the Court authorized a distribution to creditors. Absent the Court authorizing an interim distribution . . . a final distribution of proceeds is not likely to occur until after the resolution of the [White's] appeal." Doc. no. 3-2.

As to the final two factors, White has presented no substantive argument meriting further discussion. Therefore, because White has not demonstrated that she is likely to prevail on appeal or suffer irreparable harm, the motion to stay should be denied.

## Conclusion

For the foregoing reasons, White's motion to stay pending appeal (doc. no. 3) should be denied.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the

specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 29, 2016

cc:   June White, Pro Se
      James F. Radke, Esq.
      Keri Wintle, Esq.
      Olga L. Gordon, Esq.
      Geraldine L. Karonis, Esq.