UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>June White</u>

    v.                                    Civil No. 15-cv-523-JL

<u>Olga L. Gordon</u>

**REPORT AND RECOMMENDATION**

    Before the court is the appellant June White's second motion for an emergency stay.  Doc. no. 29.[1]  White contends that her second request is based on "new information . . . from orders recently issued by the bankruptcy court on recent motions from the trustee."  <u>Id.</u> at 1.  White cites a bankruptcy court order from February 25, 2016, (Bk. No. 13-11736-BAH, doc. no. 162) to allege that if the subject property from the underlying bankruptcy action is sold, she "will have no recourse after the sale in getting the property or money . . . [and] will lose all the money she is entitled to in her secured claim."  Doc. no. 29 at 3.  The appellee objects.  Doc. no. 30.

    On March 30, the court ordered White to "to show cause . . . why her second request for an emergency stay . . . should not be denied for failure to move first in the bankruptcy court

---

[1] White filed her first emergency motion to stay pending appeal on January 20, 2016.  Doc. no. 3.  On January 29, the court recommended that her motion be denied.  Doc. no. 15.  On February 22, White filed a motion to reconsider the court's report and recommendation.  Doc. no. 23.  On March 11, the court denied White's motion to reconsider.  Doc. no. 26.

pursuant to Federal Rule of Bankruptcy Procedure 8007(a)."  In her response, White contends that, based on her "past encounters with motions in the Bankruptcy Court[,]" her likeliness to succeed on a motion to stay in Bankruptcy Court "is zero" and the sale of the subject property from the underlying bankruptcy action is scheduled to soon take place.  Doc. no. 32 at 1-2.

"Ordinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment . . . of the bankruptcy court pending appeal."  Fed. R. Bankr. P. 8007(a)(1).  If a motion to stay is, alternatively, "made in the court where the appeal is pending," the moving party

> must . . . show that moving first in the bankruptcy
> court would be impracticable; or . . . if a motion was
> made in the bankruptcy court, either state that the
> court has not yet ruled on the motion, or state that
> the court has ruled and set out any reasons given for
> the ruling.

Fed. R. Bankr. P. 8007(b)(2).

White seems to argue that a motion to stay in the bankruptcy court would be futile and thus impracticable pursuant to Rule 8007(b)(2).  White's futility argument appears to be based on the Bankruptcy Court so far denying "all [of] her objections" to the appellee's motions.  Doc. no 32 at 4.

Even assuming arguendo that White's second motion for an emergency to stay in the Bankruptcy court would be impracticable, her motion should be denied for largely the same

reasons as stated in the court's first report and recommendation. See Doc. no. 15. The factors to be considered in determining whether to grant a motion to stay are: "(1) that the petitioner is likely to prevail on the merits of the appeal; (2) that without a stay, the petitioner will suffer irreparable injury; (3) that other interested parties will suffer no substantial harm; and (4) that the public interest will not be harmed by the granting of the stay." In re Cantera Dorado, Inc., 512 B.R. 126, 130 (D.P.R. 2014). "If a party fails to satisfy any one of the four requirements . . . the Court has discretionary authority to deny the stay." Id.

"In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the 'most critical.'" In re Fraterfood Serv., Inc., No. 14-00002 BKT, 2015 WL 5317601, at *1 (Bankr. D.P.R. Sept. 11, 2015) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). "Of those two factors, '[t]he sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Id. (quoting Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002)).

Here, White's second motion for an emergency stay fails to make any argument as to whether she is likely to prevail on the merits of her appeal. This omission alone "dooms the motion." In re MEDSCI Diagnostics, Inc., No. 10-04961-ESL, 2011 WL

280866, at *3 (Bankr. D.P.R. Jan. 25, 2011).  White's motion instead relies solely on the second factor – irreparable injury.  White claims that the "[i]f the property is sold to a good faith purchaser and the money immediately distributed as the [bankruptcy court] order now states[,] [she] will have no recourse after the sale in getting the property or money returned to her.  [She] will lose all the money she is entitled to in her secured claim."  Doc. no. 29 at 3

To this point, the appellee argues that the minimum sale price of the subject property "set by the Bankruptcy Court ensures that there will be sufficient proceeds from the sale of the Property to pay White's secured claim."  Doc. no. 30 at 4.  The appellee additionally represents that "the proceeds from the sale will be held by the Trustee in her trustee account pending this Court's determination on White's appeal and further Bankruptcy Court determination resolving any disputed liens."  Id.

Similar to the court's first report and recommendation (doc. no. 15), because White's irreparable harm remains speculative, and she has added no substantive discussion of her likelihood to succeed on the merits, the substantial harm to other interested parties, or harm to the public interest, her motion should be denied.

### Conclusion

For the foregoing reasons, White's second motion to stay pending appeal (doc. no. 29) should be denied.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

April 11, 2016

cc: June White, Pro Se
    James F. Radke, Esq.
    Keri Wintle, Esq.
    Olga L. Gordon, Esq.
    Geraldine L. Karonis, Esq.